**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIM SAACKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5751** |
| **TARGET CORPORATION, ET AL.** | **SECTION "B"(4)** |

ORDER AND REASONS

Before the Court is Plaintiff Kim Saacks' "Motion to Remand" (Rec. Doc. 5), "Target Corporation's Memorandum in Opposition to Plaintiff's Motion to Remand" (Rec. Doc. 12, and "Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand" (Rec. Doc. 16). For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Kim Saacks alleges that she suffered personal injuries as a result of a slip and fall accident at a Target store located in Metairie, Louisiana (Rec. Doc. 1-1). Plaintiff originally filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against two defendants: Target Corporation and Richard's Clearview, LLC (Rec. Doc. 1-1). Diversity jurisdiction did not exist at this stage in the 2009 filed proceedings because even though Target is citizen of Minnesota, both Plaintiff and Defendant Richard's Clearview, LLC are citizens of Louisiana (Rec. Doc. 1-1). In November 2014,

Plaintiff settled and dismissed all of her claims against the non-diverse Defendant Richard's Clearview, LLC (Rec. Doc. 1-1).

Target concedes that it was not able to seek removal to federal court because more than one year had lapsed since the initial action was filed. 28 U.S.C. § 1446. In May 2017, Plaintiff then filed her Second Supplemental and Amending Petition for damages, wherein she named ACE American Insurance Company ("ACE") as a Defendant (Rec. Doc. 1-1). Defendant ACE is a citizen of Pennsylvania (Rec. Doc. 1). Given that there was now complete diversity and all other requirements for jurisdiction were met, Defendant ACE—with Target's consent—removed the matter to the Eastern District of Louisiana (Rec. Doc. 1-5). Plaintiff proceeded to file a "Notice of Voluntary Dismissal of Defendant Ace American Insurance Company pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)" (Rec. Doc. 3).

**LEGAL AND FACTUAL FINDINGS**

A district court must remand a case to state court if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved **against** federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (emphasis added). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Plaintiff does not contend that Defendant Ace's removal was originally improper. Plaintiff argues the act of dismissing claims against the removing Defendant ACE divests this court of diversity jurisdiction.

Defendant correctly cites to a "well-settled principle that once a court has diversity jurisdiction, subsequent developments do not divest it of jurisdiction." *Rivers v. Chalmette Med. Ctr., Inc.*, 805 F. Supp. 2d 291, 295 (E.D. La. Aug. 2, 2011).

There are, however, exceptions to that principle notably where a case becomes moot in the course of the litigation. See *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct.

447, 121 L.Ed.2d 313 (1992); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir.1998). Or, if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007). And likewise if after the case is filed it is discovered that there was no jurisdiction at the outset, *id.* at 473, 127 S.Ct. 1397—not that this is really an exception to the principle that jurisdiction, once it attaches, sticks; it is a case in which there never was federal jurisdiction. *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010)

 Defendant Target argues that the original removal here was proper and diversity jurisdiction vested upon the notice of removal filed by Defendant Ace. However, Plaintiff's voluntary dismissal of that removing Defendant prior to any answer from that Defendant placed Plaintiff in the same position as if the claims against that Defendant had never been filed, thus negating the basis for removal. *Maturin v. Commerce & Indus. Ins. Co.*, No. 614-CV-00603, 2014 WL 2567150 (W.D. La. June 6, 2014)(citing *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 322–24 (5th Cir.2005)). Moreover, as noted earlier, the non-moving Defendant Target concedes that the one-year limit of § 1446 prevented it from seeking removal in an otherwise removable case based on diversity jurisdiction. Rather, after foregoing its right to timely seek removal Target now seeks in opposition to rely upon

4

the removal notice timely filed by the now dismissed Defendant Ace. There is no showing or claim of bad faith or other reason that prevented Target from timely removing this action. It chose to litigate this case in state court for eight (8) years without ever seeking removal to federal court and over two and a half (2 ½ ) years after a clear basis existed to seek removal. Under all of the above factual circumstances and principles of law, Target's untimely attempt to litigate in federal court is procedurally and substantively barred.

We are mindful that the one-year procedural bar to removal is waivable if, among other reasons, there is convincing evidence of manipulation by the Plaintiff. Plaintiff's counsel's voluntary dismissal without prejudice of the removing Defendant, Ace, soon after removal appears questionable. However, Target has not asserted waiver defenses based on bad faith or manipulation by Plaintiff's counsel. Removal statutes are construed strictly against removal and for remand, especially as here, where there is doubt or ambiguity about the propriety of removal. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

New Orleans, Louisiana, this 12th day of September, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE